The Honorable Robert J. Vancrum State Senator, 11th District 9004 W. 104th Street Overland Park, Kansas 66212
Dear Senator Vancrum:
You request our opinion regarding the residency requirement for a corporation to obtain a microbrewery license in this state. You explain that a publicly held corporation wishes to obtain a microbrewery license, but has been advised that it does not meet the residency requirement of K.S.A. 41-311(f)(6), as amended by 1995 senate bill no. 256, sec. 2 and therefore is not eligible for such license. On behalf of the corporation, you question whether this is the correct interpretation of the statute, and if so whether the statute is an unconstitutional restraint on interstate commerce.
K.S.A. 41-311(f), as amended, provides in pertinent part:
 "No microbrewery license or farm winery license shall be issued to a:
"(1) Person who is not a resident of this state;
 "(2) person who has not been a resident of this state for at least four years immediately preceding the date of application;
. . . .
 "(6) corporation, unless stockholders owning in the aggregate 50% or more of the stock of the corporation would be eligible to receive such license and all other stockholders would be eligible to receive such license except for reason of citizenship or residency. . . ."
Clearly this provision requires any corporate applicant for a microbrewery license to demonstrate that at least 50% of the corporate stock is owned and controlled by Kansas residents. There is no distinction made between close corporations and those that are publicly traded. As the provision appears to apply to the corporation in question, and, as we understand the circumstances, effectively precludes the corporation from obtaining a microbrewery license in this state, the question becomes whether this provision is an unconstitutional restriction on interstate commerce.
The commerce clause, article I, section 8, clause 3 of the United States constitution, has been interpreted to act as a "substantive restriction on permissible state regulation of interstate commerce." Dennis v. Higgins, 498 U.S. 439, 447, 11 S.Ct. 865,870, 112 L.Ed.2d 969 (1991). "This `negative' aspect of the Commerce Clause prohibits economic protectionism — that is, regulatory measures designed to benefit in-state economic interests by burdening out-of-state competitors." New Energy Co.of Indiana v. Limbach, 486 U.S. 269, 273-274, 108 S.Ct. 1803,1807, 100 L.Ed.2d 302 (1988). While for a time the United States Supreme Court granted states much latitude under thetwenty-first amendment to the United States constitution to regulate liquor unfettered by the commerce clause, see, e.g., Ziffrin v. Reeves,308 U.S. 132, 138-139, 84 L.Ed. 128, 135 (1939), State v. Payne,183 Kan. 396, 403 (1958), it has more recently rejected the view that "the Twenty-first Amendment has somehow operated to `repeal' the Commerce Clause wherever regulation of intoxicating liquors is concerned." Hostetter v. Idlewild Liquor Corp., 377 U.S. 324,331-332, 84 S.Ct. 1293, 12 L.Ed.2d 350 (1964), quoted in 324Liquor Corp. v. Duffy, 479 U.S. 335, 346, 107 S.Ct. 720,93 L.Ed.2d 667, 679 (1987). The Court has used a balancing test in determining in each case "whether the interests implicated by a state regulation are so closely related to the powers reserved by the twenty-first amendment that the regulation may prevail, notwithstanding that its requirements directly conflict with express federal policies." 324 Liquor Corp., supra, quotingCapital Cities Cable, Inc. v. Crisp, 467 U.S. 691, 714,104 S.Ct. 2694, 81 L.Ed.2d 580 (1984). For example, the Court has held that labeling and reporting requirements serve the core purpose of thetwenty-first amendment and therefore may outweigh commerce clause and supremacy clause concerns. North Dakota v. United States,495 U.S. 423, 433, 110 S.Ct. 1986, 109 L.Ed.2d 420, 432 (1990). Conversely, the Court has held that "[t]he central purpose of the [Twenty-first Amendment] was not to empower States to favor local liquor industries by erecting barriers to competition. . . . State laws that constitute mere economic protectionism are therefore not entitled to the same deference as laws enacted to combat the perceived evils of an unrestricted traffic in liquor."Bacchus Imports, Ltd. v. Dias, 468 U.S. 263, 276, 104 S.Ct. 3049,82 L.Ed.2d 200, 212 (1984). We must, therefore, look to the purpose behind the residency requirement of K.S.A. 41-311(f)(6), as amended, in determining whether it would survive a challenge under the commerce clause.
The purpose of the residency requirement for microbrewery corporations is not apparent from the statute. Furthermore, none of the recorded legislative history sheds any light on its purpose. The microbrewery language was added to the statute pursuant to a conference committee report on house substitute for substitute senate bill no. 141. Journal of the Senate, 574, 585 (April 8, 1987). The language is identical to that proposed by the house committee on federal and state affairs when working the same bill, but there is no discussion in the committee minutes of the purpose for the requirement. Minutes, House Committee on Federal and State Affairs, March 10, 1987, attachment N. There is also no discussion in relation to 1987 senate bill no. 402 which dealt solely with licensure of microbreweries. Minutes, Senate Committee on Federal and State Affairs, April 10, 1987.
In its Final Report and Recommendations issued December 1986 [hereinafter cited as Report], the Kansas liquor law review commission discussed residency requirements for several categories of licenses. While the commission did not speak to residency requirements for microbrewery licensees, Report at 24, the rationale given for other residency requirements was essentially to facilitate background investigations and minimize the infiltration of criminal elements. Report at 15, 19, 23.
Other provisions of the liquor control act and the club and drinking establishment act contain residency requirements, but the requirements are not consistent. For instance, for a retailer's license, an applicant must have been a resident for four years immediately preceding the date of application. K.S.A.41-311(b)(1) and (2). A corporation may not obtain a retailer's license. K.S.A. 41-311(b)(6). To obtain a manufacturer's license, an individual must have been a resident for five years preceding application, but corporate applicants need not meet any residency requirements. K.S.A. 41-311(c)(1) and (5). Similarly, an individual seeking a drinking establishment license must have been a resident for one year preceding application, but there is no residency requirement for corporations seeking a drinking establishment license. K.S.A. 41-2623(a)(3) and (6). By contrast, both individuals and all shareholders of a corporate applicant for a distributor's license must have been residents of this state for ten years preceding the date of application. K.S.A. 41-311(d)(1) and (5). A microbrewery is essentially a cross between a manufacturer and a retailer, making those provisions more pertinent. K.S.A. 41-308b, as amended by 1995 senate bill no. 256, sec. 1. However, it is instructive to note that the liquor control and club and drinking establishment acts are replete with residency requirements.
In Cooper v. McBeath, 11 F.3d 547 (5th cir. 1994), cert. denied114 S.Ct. 2675, 129 L.Ed.2d 810 (1994), the United States court of appeals for the fifth circuit held a durational residency requirement for a corporate mixed beverage permit violative of the commerce clause. In doing so, the court discounted as "unpersuasive and insufficient" the state's asserted justifications of facilitating background investigations and protecting the health, safety, welfare, morals and temperance of its citizens. The court reached this conclusion after finding that the burden is on the state to demonstrate that the statute advances a "legitimate local purpose that cannot be adequately served by reasonable nondiscriminatory alternatives." Id. at 553, quoting New Energy Co. of Indiana v. Limbach, 486 U.S. 269,273-274, 108 S.Ct. 1803, 1807, 100 L.Ed.2d 302 (1988). Contrary to this finding, however, the United States Supreme Court has noted that "[g]iven the special protection afforded to state liquor control policies by the Twenty-first Amendment, they are supported by a strong presumption of validity and should not be set aside lightly." North Dakota v. United States,495 U.S. at 433, 109 L.Ed.2d at 432. Thus, while the justification for the corporate residency requirement for obtaining a microbrewery license is not apparent on the face of the statute, we cannot conclude that it is unconstitutional.
The legislature may wish to address this issue in its next session, to assure that the residency requirements for all licensees are as the legislature wants them, and in so doing can build a better record of its purpose for these requirements. Such may be necessary to sustain them.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
CJS:JLM:jm